DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the conviction and sentence for identity fraud entered on a no contest plea in the Lucas County Court of Common Pleas.
 {¶ 2} Appellant is Jason M. Mullins. At some point in 2004, appellant obtained the social security number and other identifying information of Brian Smith. Between September 1, 2004, and May 25, 2005, appellant, representing himself as Smith, obtained medical services and drags from several Toledo area hospitals at a value exceeding $5,000.
 {¶ 3} On September 1, 2005, a Lucas County Grand Jury indicted appellant, charging a single count of identity fraud, a third degree felony. Appellant initially pled not guilty, but later amended this plea to no contest on the agreement of the state not to oppose the imposition of a sentence of community control. Following a plea colloquy, the court accepted appellant's plea, entered a finding that appellant was guilty as charged and, following a presentence investigation, sentenced him to a two year term of incarceration.
 {¶ 4} From this judgment and sentence, appellant now brings this appeal.
 {¶ 5} Pursuant to Anders v. California (1967), 386 U.S. 738, appellant's appointed counsel has filed a motion to withdraw, accompanied by an affidavit in which counsel avers that he has reviewed the record in this matter and is unable to identify any arguable, nonfrivolous issue for appeal. In conformity with Anders, counsel has filed a brief in which he discusses three areas of potential error which he considered, yet rejected as unsupported in the record: 1) whether appellant received ineffective assistance of counsel, 2) whether his plea was knowingly and voluntarily entered, and 3) whether the sentence imposed was excessive. A copy of counsel's brief was provided to appellant, along with correspondence advising him of his right to raise his own assignments of error and submit his own brief. Appellant has filed no brief in this matter.
 {¶ 6} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington (1984), 466 U.S. 668, 687. Accord State v. Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 7} We have carefully reviewed the record in this matter and find nothing to suggest that trial counsel's performance was deficient. Accordingly, we concur with appellate counsel that this potential assignment of error is without merit.
 {¶ 8} With respect to the question as to whether appellant's plea was knowingly and intelligently entered, our review of the plea colloquy reveals that the trial court meticulously performed its duties in conformity with Crim.R. 11. Additionally, in open court, appellant signed a written plea agreement which reiterated the waiver of rights enumerated in Crim.R. 11. Again, we concur with appellate counsel that any assertion that appellant's plea was not intelligently or voluntarily entered is without merit.
 {¶ 9} Finally, appellant's sentence is within the range permissible for a third degree felony pursuant to R.C. 2929.14(A), and is in conformity with the principles and purposes of felony sentencing as articulated in R.C. 2929.11. Moreover, the sentence does not ran afoul of any constitutional issues addressed in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Consequently, we again concur with appellate counsel that any sentencing issues which might have been raised are without merit.
 {¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Arlene Singer, J.
Thomas J. Osowik, J.
CONCUR.